# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON CERVANTES,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | 12-CR-03254-LAB/<br>CASE NO. 14-CV-00085-LAB<br><br>**ORDER DENYING MOTION TO VACATE CONVICTION AND SENTENCE** |

On August 24, 2012, Cervantes pleaded guilty to possession with intent to distribute approximately 21.41 kilograms (42.20 pounds) of methamphetamine and 2.40 kilograms (5.30 pounds) of cocaine, a violation of 21 U.S.C. § 841. *See* Case No. 12-CR-3254, Doc. Nos. 13-16. On October 30, 2012, the Court sentenced him to 80 months in prison, and judgment was entered on November 2, 2012. *Id*. at Doc. No. 29. Over one year later, on January 10, 2014, Cervantes filed the present action—a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. The motion is **DENIED**.

Cervantes asserts four claims: (1) counsel failed to properly advise him of his constitutional rights; (2) there was no factual basis for his guilty plea; (3) counsel did not provide him an opportunity to allocute; and (4) counsel failed to file a timely notice of appeal. In his plea agreement with the United States, Cervantes waived his right to appeal or collaterally attack his conviction and sentence, except for a post-conviction collateral attack

alleging ineffective assistance of counsel. *See* Case No. 12-CR-3254, Doc. No. 16 at 11. For that reason, Cervantes's claims aren't waived by his plea agreement and must be assessed on their merits under *Strickland v. Washington*, 466 U.S. 668 (1984).

First, Cervantes claims that counsel was ineffective by failing to properly advise him of his constitutional rights. Upon inspection of the record, this claim is factually inaccurate and objectively wrong. Cervantes not only signed a written plea agreement acknowledging his various rights, but he also initialed each page, including page 5 which includes a section entitled "DEFENDANT'S WAIVER OF TRIAL RIGHTS." *Id*. at 5. In addition, Cervantes knowingly and voluntarily pleaded guilty in front of a Magistrate Judge, whose Findings and Recommendations were adopted by this Court on October 30, 2012. *See* Case No. 12-CR-3254, Doc. Nos. 26, 27.

Second, Cervantes claims that counsel was ineffective because there was no factual basis for his guilty plea. Again, this argument is objectively wrong. On August 24, 2012, the Magistrate Judge discussed the nature of Cervantes' offense and why, in fact, he was guilty. Specifically, Cervantes acknowledged that: (1) he drove a vehicle to a Boarder Patrol checkpoint near Niland, California; (2) the vehicle he was driving contained 21.41 kilograms (42.20 pounds) of methamphetamine and 2.40 kilograms (5.30 pounds) of cocaine; (3) he knew there was a high probability that drugs were in his vehicle; (4) he deliberately avoided learning the truth about what kind of drug was in his vehicle; (5) he intended to deliver the vehicle and its contents to another person; (6) he had loaned the vehicle to another person prior to driving it; (7) after loaning the vehicle, the gas gauge did not work properly because the drugs were in the gas tank; (8) he intended to be paid for driving the vehicle from Mexico into the United States; and (9) he had been paid to perform similar drug smuggling acts in the past. *See* Case No. 12-CR-3254, Doc. No. 16. Clearly, there was a factual basis for Cervantes's guilty plea. It cannot be said that counsel's performance was deficient or that Cervantes suffered any prejudice. *Strickland*, 466 U.S. at 700.

Third, Cervantes claims that counsel was ineffective because counsel did not provide him an opportunity to allocute. However, at the sentencing hearing on October 30, 2012,

the Court asked, "Mr. Cervantes, what do you have to say on your own behalf this morning?" (Trans. at 5:23-24.) Cervantes orally replied, apologized, and asked for forgiveness. *Id*. at 5-7. Again, counsel's performance was not deficient and Cervantes did not suffer any prejudice whatsoever. *Strickland*, 466 U.S. at 700.

Fourth, Cervantes claims that counsel was ineffective by failing to file a timely notice of appeal. This claim is simply wrong. On November 25, 2013, the Ninth Circuit rejected Cervantes' direct appeal of the 80 month sentence he received and stated "[t]he 80-month sentence was not substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including not only Cervantes's lack of prior convictions, but also the large quantities of methamphetamine and cocaine involved in the offense, the fact that Cervantes had imported drugs on four prior occasions, and the need for the sentence to provide deterrence and promote respect for the law." *See* Case No. 12-CR-3254, Doc. No. 41. The sentence was therefore timely appealed and the Ninth Circuit reached the merits of the arguments made by Cervantes's counsel.

For the reasons given above, Cervantes' motion to vacate his conviction and sentence under 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED**.

DATED: July 31, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge