**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNTIED STATES OF AMERICA, | CASE NO. 12CR3254-LAB |
|---|---|
| Plaintiff, | **SECOND ORDER REQUIRING RESPONSE TO DEFENDANT'S RULE 41(g) MOTION** |
| vs. | |
| RAMON CERVANTES, | |
| Defendant. | |

On September 13, 2013, the Court issued an order for the Government to respond to Defendant Ramon Cervantes' Rule 41(g) motion to return property. The Court's order apparently fell through the cracks because the Government never responded to it. The Government now questions whether the Court had jurisdiction to act on the Defendant's request when it first issued the order for the Government to respond since the Cervantes had filed an appeal relating to another aspect of his case.

A district court retains jurisdiction, despite the pendency of an appeal, to rule upon ancillary matters or to enter orders relating to a continuing course of supervision by the district court. *See Masalosalo v. Stonewall Insurance Co.,* 718 F.2d 955, 956–57 (9th Cir.1983) (district court retains power to award attorneys' fees); *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888,* 536 F.2d 1268, 1276 (9th Cir.1976) (district court retains power to modify injunction in labor dispute, in order to maintain status quo). A motion to return property pursuant to Rule 41(g) is such an ancillary matter. *United States v. White,*

582 F.3d 787, 808 n.3 (7th Cir. 2009); *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004).

The Government should have responded to Cervantes' Rule 41(g) motion back in 2013. That deadline has long passed, but the motion remains pending. The Government shall file a response to the motion within 14 days of this Order.

**IT IS SO ORDERED**.

DATED: July 22, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge